**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRELL GLASS; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> FMM ENTERPRISES, INC.; et al., <br><br> Defendants-Appellants. | No.   18-55291 <br><br> D.C. No. <br> 3:17-cv-00563-JAH-KSC <br><br> **ORDER**[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 9, 2018
Pasadena, California

Before:  RAWLINSON, MELLOY,[**] and HURWITZ, Circuit Judges.

Defendants FMM Enterprises, Inc., GTPD Enterprises, Inc., Cynthia Walsh,

Ryan McAweeney, and Neil Billock appeal two district court orders that temporarily

forbid the parties in this putative class action from communicating with putative

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael J. Melloy, United States Circuit Judge for the
U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

class members until a curative notice can be approved by the court and distributed. We dismiss this appeal for lack of jurisdiction.[1]

1.      The district court's orders, which were issued under Federal Rule of Civil Procedure 23(d), are not injunctions for purposes of 28 U.S.C. § 1292(a)(1). Moreover, they can be effectively challenged by direct appeal after a final judgment. *See Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1077 (9th Cir. 2010) ("To be appealable under section 1292(a)(1), as having the 'practical effect' of an injunction, the district court's order 'must (1) have the practical effect of entering an injunction, (2) have serious, perhaps irreparable, consequences, and (3) be such that an immediate appeal is the only effective way to challenge it.'" (citations omitted)); *cf. Gulf Oil Co. v. Bernard*, 452 U.S. 89, 94–95, 97, 103 (1981) (reversing a Rule 23(d) order "[o]n appeal from a subsequent final order"); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 749–50, 755–58 (9th Cir. 2010) (reviewing a Rule 23(d) order after final judgment had been entered), *vacated on other grounds*, 565 U.S. 801 (2011) (mem.); *Domingo v. New England Fish Co.*, 727 F.2d 1429, 1439–41 (9th Cir. 1984) (per curiam) (reversing a communication-limiting, pre-trial order after judgment), *modified*, 742 F.2d 520 (9th Cir. 1984).

---

[1] The Plaintiffs also move this Court for leave to file a sur-reply brief on the merits of the case. Because we dismiss for lack of jurisdiction, we deny the Plaintiffs' motion as moot.

2.      Because they can be effectively reviewed on appeal from a final judgment, the district court's orders are also not final collateral orders. *See Breazeale v. Victim Servs., Inc.*, 878 F.3d 759, 766 (9th Cir. 2017) ("To establish jurisdiction under the collateral order doctrine, the appellants must show the order they seek to appeal [1] determines the disputed question conclusively, [2] resolves an important issue completely separate from the merits of the action, and [3] is effectively unreviewable on appeal from a final judgment.").

3.      Finally, mandamus relief is not appropriate here. None of the factors we are required to consider when deciding whether to grant this extraordinary remedy favor granting the mandamus. *See Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 535 (9th Cir. 2018).

**DISMISSED.**

*Glass v. FMM Enterprises, Inc.*, No 18-55291

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

FILED

MAR 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS